CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 02, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:22-cr-00041 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| GARLAND LAWTON ) | Chief United States District Judge |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Garland Lawton's pro se letter motion,[1] received by the Clerk on April 17, 2025. (Dkt. No. 64.) In it, he complains that the Federal Bureau of Prisons (BOP) is not allowing him to spend 120 days in a halfway house, also known as a residential reentry center (RRC) prior to his release date, and he believes that the Second Chance Act requires the BOP to do so. He also refers to and attaches a portion of a BOP program statement that says the BOP will "ordinarily" submit a referral for an RRC 12 months in advance of the inmate's projected release date or at least 60 days prior to the projected RRC/HC placement date, "whichever is greater."[2] (Dkt. No. 64-1, at 1.) He asserts that the deadline already has passed and suggests that the BOP has not yet submitted a referral for him. For relief, he asks for an order directing the BOP to give him "up to the 120 days" in a halfway house or RCC, for which he qualifies. (Mot. 2, Dkt. No. 64.)

For the reasons set forth herein, Lawton's motion will be denied.

---

[1] Lawton's motion is written in very light pencil, and the Clerk has been unable to scan it so as to make it legible. For ease of reference and to ensure that there is a full record in the event of any appeal, the court attaches to this Memorandum Opinion and Order a typed copy of the entire two-page letter. The only modification is that the court uses typical capitalization, while the letter appears to be written in all capital letters.

[2] Based on other information he has provided, his projected release date is November 3, 2025, so 12 months before that would have been November 3, 2024, and his "Conditional Transition to Community Date" is July 6, 2025 (120 days before November 3, 2025). Sixty days before the July date falls in early May, so had not yet passed at the time he filed his motion.

I. DISCUSSION

As mentioned, Lawton styled his motion as a motion for relief under the Second Chance Act. The Second Chance Act directs the BOP "to the extent practicable" to place prisoners in conditions to facilitate reentry, which could include home confinement or a reentry center. 18 U.S.C. § 3624(c). As an initial matter, Lawton has not alleged or shown that he sought such relief from the Bureau of Prisons, so there is no decision for this court review and he has failed to exhaust remedies. *United States v. Broadway*, No. 3:08-CR-00010-MR-2, 2018 WL 5817939, at *1 (W.D.N.C. Nov. 6, 2018) (explaining that a challenge to the BOP's denial of such a request should be brought in an action under 28 U.S.C. § 2241, after first exhausting all remedies through the Bureau of Prisons) (citations omitted). If he has not yet requested the relief he seeks from the BOP, he may want to do so as soon as possible.

Moreover, if Lawton wants to file a § 2241 motion after seeking such relief from the BOP, he should file any such motion in the district court where he is confined at that time. At the time he filed his motion here, he was incarcerated in Forrest City, Arkansas, within the jurisdiction of the United States District Court for the Eastern District of Arkansas. So, even if he had styled his motion as a § 2241 motion, jurisdiction would not have been proper.

In any event, the authority to make such placement decisions rests with the BOP; courts may not dictate where a particular inmate will be housed. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005) (noting, in a pre-Second Chance Act case, that while the BOP must consider certain factors in making a decision about re-entry placements, the BOP has discretion over that decision; "[t]hat the BOP may assign a prisoner to a [correctional community center] does not mean that it must"); *Miller v. Lappin*, No. 7:09CV00012, 2009 WL 166873, at *2 (W.D. Va. Jan. 26, 2009) (denying request for mandamus and explaining that 18 U.S.C.

§ 3624(c), as amended by the Second Chance Act of 2007, "does not require the court or BOP officials to place Miller in community or home confinement for any portion of his sentence[; the] decision regarding such placement remains discretionary").

Indeed, district courts within the Fourth Circuit have rejected requests for orders for similar placements, for a variety of reasons. *E.g.*, *Mubang v. Warden, Hazelton Secure Female Facility*, No. 1:18CV181, 2020 WL 1902552, at *9 (N.D.W. Va. Jan. 22, 2020), *report and recommendation adopted,* No. 1:18-CV-181, 2020 WL 773440 (N.D.W. Va. Feb. 18, 2020) (noting, in the context of a 28 U.S.C. § 2241 motion, that the BOP's decision regarding place of imprisonment, including whether to place an inmate in an RRC or on home confinement, is "not reviewable" by a court under the Administrative Procedures Act, unless there is "clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority"); *Stanley v. Whitehead*, No. CIV. A RWT-09-2848, 2010 WL 2011553, at *2 (D. Md. May 19, 2010) ("[T]he decision to place an inmate on home confinement is within the discretion of the BOP.") (citing 18 U.S.C. § 3624(c)); *Chase v. Berkebile*, Civil Action No. 5:10-0352, 2010 WL 7171335, at *3 (S.D. W. Va. May 10, 2010) (rejecting similar claim both as unripe and for failure to exhaust); *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1–*2 (D. Md. Mar. 24, 2010) (dismissing § 2241 motion challenging BOP's refusal to place movant in home confinement because he failed to exhaust his administrative remedies); *Yannucci v. Stansberry*, No. 2:08CV561, 2009 WL 2421546, at *4 (E.D. Va. July 28, 2009) (rejecting claim that BOP erred in not granting relief under the Second Chance Act and explaining that 18 U.S.C. § 3621(c) and 3624(b) "grant the BOP sole discretion to transfer a prisoner to an RRC for a period not to exceed twelve months"). Like the courts cited in this paragraph, the court concludes that it may not grant the relief Lawton seeks.

3

## II. CONCLUSION AND ORDER

For the reasons stated above, it is hereby ORDERED that Lawton's motion for relief under the Second Chance Act (Dkt. No. 64) is DENIED WITHOUT PREJUDICE. The clerk is directed to provide a copy of this order to Lawton and all counsel of record.

Entered: May 2, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge